In re MORROW.

(District Court, N. D. California. October 4, 1899.)

No. 2,798.

**BANKRUPTCY—OPPOSITION TO DISCHARGE—CONCEALMENT OF ASSETS.**

The omission of a bankrupt to include particular property in his schedule of assets will not be ground for refusing his application for discharge, where such omission was not caused by a fraudulent intent to conceal the property from his trustee, but was the result of a mistake of law or of fact, or of an honest, though erroneous, belief that he had no available interest in the property.

In Bankruptcy. On application of bankrupt for discharge, and opposition of creditors thereto.

Nancy J. Morrow, the bankrupt, by the will of her deceased father took an interest to the extent of one-seventh in certain parcels of his real estate and in his personal property. She made four several conveyances to Frederick Hewlett, by which she purported to convey to him all her right, title, interest, and distributive share in the property of the said decedent; Hewlett at the same time acknowledging that he took the conveyances as security for a cer-

tain promissory note for $8,000 made by Nancy J. Morrow, and payable to himself and another as executors of the estate, and to secure any and all other indebtedness of hers to said estate, and agreed to reconvey to her upon the discharge of such indebtedness "at any time before or upon the final distribution of said estate." Afterwards a similar deed was made, conveying to Hewlett the bankrupt's interest in one particular parcel of real estate, which was intended to have been included in the original conveyances, but was omitted by mistake. Thereafter the executors of the estate paid to Hewlett, as the assignee of the bankrupt, her distributive share of the moneys then in their hands, and the same was applied in reduction of her indebtedness as recited in the agreement to reconvey. After this, but before the final distribution of the estate, Hewlett, by two several deeds, in which Nancy J. Morrow joined, conveyed to two other persons the interest and shares which she had conveyed to him in two parcels of the real estate in question, and, upon receiving the consideration therefor, applied the same in further reduction of the indebtedness of Morrow to the estate. Upon final settlement of the estate a decree of distribution was made, by which all the distributive share of Nancy J. Morrow was assigned to Hewlett, as grantee of her deeds, except as to the two parcels already conveyed away to others. After this decree, upon petition for partition previously filed, the court made an order for partition by commissioners, who in due course reported, inter alia, that they had allotted to Hewlett the above-mentioned promissory note of Nancy J. Morrow, and the real estate described in the schedule of property which she filed with her voluntary petition in bankruptcy herein. Such allotment was made subject to such charges for owelty of partition and expenses as left a balance of $400 still due and unpaid on said note of the bankrupt. The report of the commissioners was confirmed, and the partition made by them adjudged to be valid and final. The other facts of the case, so far as they bear on the question of the bankrupt's application for discharge, sufficiently appear in the opinion of the court.

Edward C. Harrison, for bankrupt.

Chickering, Thomas & Gregory, for opposing creditors.

DE HAVEN, District Judge. The parties to this proceeding have, in addition to other matters, stipulated as a fact:

"(12) That said Nancy J. Morrow has never claimed, and has never believed she had any right to claim, any interest or equity in any of the property of said estate of said deceased since the final distribution and partition thereof, other than her right to a reconveyance of said real property described in said schedule herein upon payment of the aforesaid balance of $400 still due on her said promissory note, with interest at legal rate from December 12, A. D. 1898."

This is, in substance and effect, a stipulation that the bankrupt did not believe that she had any interest in the property mentioned in other parts of the stipulation, and not included in her schedule of assets. If this was her honest belief, even though it should be conceded that at the time of filing her petition in bankruptcy she had an interest in other property, the court would not be warranted in finding that she omitted to include such property in her schedule of assets for the purpose of concealing the same from the trustee in bankruptcy, or with the intention of defrauding her creditors; and the omission to include property in the schedule of assets filed by a bankrupt, when such omission was due to a mistake either of law or fact, is not an offense under subdivision "b" of section 29 of the bankruptcy act, and is not ground for withholding a discharge. In re Parker, 4 Biss. 501, Fed. Cas. No. 10,-720; Loveland, Bankr. § 230. This view makes it unnecessary to

determine whether the bankrupt has any substantial interest in other property referred to in the stipulation, and not included in the schedule of assets filed in this proceeding. There will be a general finding that the specifications of opposition to the bankrupt's discharge filed by the First National Bank of Oakland are not sustained by the stipulated facts, and the petition for discharge is granted.